UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0290 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Evan Kasadine McMillan, | |
| Defendant. | |

This matter is before the Court on the March 16, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 38.) The R&R recommends denying Defendant Evan Kasadine McMillan's motion for a *Franks* hearing and his motion to suppress evidence obtained from McMillan's apartment during the execution of a search warrant. McMillan filed objections to the R&R, and the United States responded. For the reasons addressed below, the Court overrules McMillan's objections and adopts the R&R.

## BACKGROUND[1]

McMillan disputes the legal grounds for the search warrant obtained for his apartment based on the affidavit of Task Force Officer Thomas Diaz. As relevant here, Officer Diaz's affidavit relates information that addresses McMillan's presence at a retail establishment during the theft of a firearm. The affidavit also describes a SnapChat video[2]

---

[1] The R&R addresses in detail additional relevant factual and procedural background.

[2] SnapChat is a mobile messaging service from Snap Inc. A SnapChat video includes both audio and visual components.

that, according to Officer Diaz, was posted 42 minutes before Officer Diaz viewed it. The SnapChat video allegedly showed McMillan possessing a firearm. Officer Diaz's affidavit also states his belief that the SnapChat video was recorded in McMillan's apartment. This information led Officer Diaz to conclude that firearms were located in McMillan's apartment. Finally, Officer Diaz's affidavit states that McMillan could not lawfully possess a firearm because of McMillan's criminal history. Based on the information contained in Officer Diaz's affidavit, a magistrate judge issued a search warrant for McMillan's apartment. Law enforcement officers subsequently seized a gun, ammunition, and other related items from McMillan's apartment, pursuant to the warrant.

Shortly thereafter, a federal grand jury returned an indictment charging McMillan with possession of a firearm and ammunition by a prohibited person, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). McMillan challenges the legality of the search and seeks a hearing, *Franks v. Delaware*, 438 U.S. 154 (1978), to establish that Officer Diaz omitted relevant information from the affidavit Officer Diaz submitted to support the issuance of the search warrant for McMillan's apartment. McMillan also moves to suppress the evidence obtained from his apartment, arguing that the search warrant did not establish a fair probability that evidence of contraband would be in the apartment. The R&R recommends denying both McMillan's motion for a *Franks* hearing and his motion to suppress evidence.

## ANALYSIS

McMillan objects to both recommendations of the R&R. He argues that his motion for a *Franks* hearing should be granted and that the Court's probable-cause determination should be postponed until the Court assesses the evidence produced at the *Franks* hearing. Each objection is addressed in turn.

**I.     *Franks* Hearing**

McMillan contends that the R&R erroneously applied a "literal and formulistic review" of three alleged omissions from Officer Diaz's affidavit. When properly considered, McMillan argues, these omissions establish the need for a *Franks* hearing. The Court reviews this objection de novo. 28 U.S.C. § 636(b)(1); *accord* LR 72.2(b)(3).

A *Franks* hearing should be granted based on alleged omissions from a search warrant affidavit when a defendant makes a "substantial preliminary showing" that (1) the affiant omitted facts either intentionally to render the affidavit misleading or with reckless disregard of whether the omitted facts would render the affidavit misleading, and (2) if supplemented with the omitted facts, the affidavit would not support a finding of probable cause. *United States v. Jacobs*, 986 F.2d 1231, 1234 (8th Cir. 1993); *see also Franks*, 438 U.S. at 155-56. To make a "substantial preliminary showing," a defendant must offer "specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015) (internal quotation marks omitted).

According to McMillan, a *Franks* hearing is necessary to address three omissions from Officer Diaz's affidavit. But as to two of these alleged omissions—regarding the firearm theft and the timing of the SnapChat video—McMillan offers neither supporting affidavits nor similarly reliable statements to corroborate his contentions. McMillan

3

instead argues that he "will offer evidence" to support his allegations at the *Franks* hearing. Stating an intent to offer evidence in the future does not satisfy McMillan's immediate burden to justify the need for a *Franks* hearing, however. *See Gonzalez*, 781 F.3d at 430. "A mere allegation standing alone, without an offer of proof . . . is insufficient to make the difficult preliminary showing" for a *Franks* hearing. *United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009) (internal quotation marks omitted). McMillan's unsubstantiated allegations about these possible omissions from Officer's Diaz's affidavit do not meet the substantial showing necessary to justify a *Franks* hearing.[3]

McMillan's third alleged omission relates to Officer Diaz's belief that the SnapChat video showing McMillan possessing a firearm was recorded in McMillan's apartment. According to an investigative report, Officer Diaz had stood only in the entryway to

---

[3]  McMillan also argues that the magistrate judge committed "clear and unambiguous error" by considering extrinsic evidence submitted by the United States addressing how a SnapChat video is posted. Although McMillan cites no legal authority in support of his argument, the United States Court of Appeals for the Seventh Circuit has ruled in a manner consistent with McMillan's argument in certain circumstances. *See United States v. McMurtrey*, 704 F.3d 502, 509-10 (7th Cir. 2013) (holding it improper to allow United States, but not defendant, to offer pre-*Franks* evidence in support of challenged affidavit). But the circumstance presented here is distinguishable from that in *McMurtrey*. Here, McMillan has failed to carry his *initial* evidentiary burden of presenting *any* evidence that supports his allegations about the timing of the SnapChat video. As a result, this is not a case, such as *McMurtrey*, in which the government "was allowed to bolster the affidavit with new evidence while the defendant sat by, unable to rebut or challenge new evidence." *United States v. Arnold*, 725 F.3d 896, 900 n.3 (8th Cir. 2013); *see also United States v. Kattaria*, 553 F.3d 1171, 1176-77 (8th Cir. 2009) (affirming denial of *Franks* hearing because government's evidence directly rebutted falsity in affidavit alleged by defendant). Even if it were improper for the magistrate judge to consider the evidence submitted by the United States in this case, McMillan's failure to meet his initial evidentiary burden is a sufficient reason to deny his motion for a *Franks* hearing. *See, e.g.*, *United States v. Graf*, 784 F.3d 1, 6-10 (1st Cir. 2015) (affirming denial of *Franks* hearing despite possibility that district court should not have considered pre-*Franks* evidence because defendant failed to carry initial evidentiary burden).

4

McMillan's apartment on a prior occasion. This limited access, McMillan argues, is insufficient to establish Officer Diaz's personal knowledge to support his statement that the SnapChat video was made in McMillan's apartment. But McMillan's argument mischaracterizes Officer Diaz's affidavit testimony. The affidavit does not state that the SnapChat video originated in McMillan's apartment. Instead, Officer Diaz stated his *belief* that the SnapChat video was made in McMillan's apartment, a belief that is supported by the many areas of the apartment shown in the SnapChat video. Because Officer Diaz truthfully related his belief about the location of the SnapChat video, this aspect of Officer Diaz's affidavit is not misleading. *Cf. United States v. Clapp*, 46 F.3d 795, 800-01 (8th Cir. 1995) (assessing truth of affiant's statement and determining that affiant's statement, although inaccurate, was not made in reckless disregard of the truth).

For these reasons, the Court overrules McMillan's objection to this aspect of the R&R and denies McMillan's motion for a *Franks* hearing.

## II. Probable Cause

McMillan also objects to the recommendation to deny his motion to suppress evidence because the search warrant for McMillan's apartment was supported by probable cause. The R&R concludes that the totality of the circumstances created a fair probability that evidence of contraband would be located in the apartment. Although McMillan argues that a *Franks* hearing is necessary before a decision on probable cause is made, this argument has been addressed and rejected. *See* Part I, *supra*. Because McMillan does not challenge any particular aspect of the R&R's probable-cause analysis, the Court reviews this objection to the R&R for clear error. *See* Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *see also* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73

5

F.3d 793, 795 (8th Cir. 1996) (per curiam). Having carefully reviewed the R&R's probable-cause analysis, the Court finds no clear error.

## ORDER

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Evan Kasadine McMillan's objections to the R&R, (Dkt. 39), are **OVERRULED**;

2. The March 16, 2018 R&R, (Dkt. 38), is **ADOPTED**;

3. Defendant Evan Kasadine McMillan's motion for a *Franks* hearing, (Dkt. 25), is **DENIED**; and

4. Defendant Evan Kasadine McMillan's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, (Dkt. 22), is **DENIED**.

Dated: May 25, 2018                         s/Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge